UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LETHA KLUKA, ET AL

VERSUS

ANCO INSULATIONS, INC., ET AL

CIVIL ACTION

NUMBER 08-84-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 28, 2008.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LETHA KLUKA, ET AL

VERSUS

ANCO INSULATIONS, INC., ET AL

CIVIL ACTION

NUMBER 08-84-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Letha Kluka, individually and on behalf of the late Albert Leroy Davis.[1]  Record document number 8.  The motion is opposed by defendants Northrop Grumman Ship Systems, Inc. and Northrop Grumman Ship Systems Corporation (collectively, "Northrop").[2]

Kluka filed this action in state court against Northrop and numerous other defendants, alleging that during Davis's employment at Avondale shipyards and other facilities he was exposed to asbestos-containing products which resulted in his injuries and death.  Kluka alleged that Davis was exposed to asbestos while he was employed as a welder, boilermaker and roustabout at Avondale

---

[1] Kluka alleged that Davis is deceased and that she is his daughter and the proper party to bring a survival and wrongful death action under Louisiana law. Record document number 1, Notice of Removal, attached Plaintiff's Original Petition for Damages (hereafter, Petition), ¶ 62.

[2] Record document number 11. Northrop Grumman Ship Systems, Inc., and Northrop Grumman Ship Systems Corporation, f/k/a, Northrop Grumman Corporation, are successors by merger to Avondale Industries, Inc.

2

facilities from 1964 to 1966.  Northrop removed the case to this court on February 7, 2008, alleging jurisdiction under 28 U.S.C. § 1442(a)(1), which provides a federal forum to the United States or its agencies and officers who are sued "for any act under color of such office."  Plaintiff moved to remand arguing that removal under the federal officer removal statute is not proper in this case.

## Applicable Law

Section 1442(a)(1) provides for the removal of any action against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office."  Under the statute, a government contractor, such as Northrop, seeking to remove a civil action under Section 1442(a)(1) must show:  1) that it was acting under an officer of the United States or of an agency thereof; 2) that there was a causal connection between the charged conduct and the asserted official authority; and 3) that it has a colorable defense under federal law. *Mesa v. California*, 489 U.S. 121, 124-34, 109 S.Ct. 959, 962-67 (1989); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-01 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034, 119 S.Ct. 1286 (1999)); *Watson v. Phillip Morris Companies Inc.*, ___ U.S. ___, 127 S.Ct. 2301, 2304-05 (2007).[3]

---

[3] There is no dispute that Northrop is a "person" within the meaning of the statute. *Winters*, 149 F.3d at 398.

One of the most important reasons for removal under § 1442(a)(1) is to have the validity of a defense arising out of official duties determined by a federal court. For removal purposes, a party is required only to raise a colorable claim to a federal defense, and is not required to prove it will succeed on the defense. *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816 (1969).

Federal government contractor immunity to liability under state tort law is based on principles of federal preemption set out by the Supreme Court in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). Displacement of state law will occur only where a "significant conflict" exists between an identifiable federal policy or interest and the operation of state law. *Boyle*, 487 U.S. at 507, 108 S.Ct. at 2516.

> Liability...cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. The first two of these conditions assure that the suit is within the area where the policy of the "discretionary function" would be frustrated- i.e., they assure that the design feature in question was considered by a Government officer, and not merely by the contractor itself. The third condition is necessary because, in its absence, the displacement of state tort law would create some incentive for the manufacturer to withhold knowledge of risks, since conveying that knowledge might disrupt the contract but withholding it would produce no liability.

*Boyle*, 487 U.S. at 512, 108 S.Ct. at 2518-19.

The Court explained that the government's immunity inured to

the benefit of the contractor because it was derivative of the governments own immunity from suit "where the performance of a discretionary function is at issue." *In re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d 570, 574 (5th Cir. 1996) (citing *Boyle*, 487 U.S. at 511, 108 S.Ct. at 2510); *Winters*, 149 F.3d at 400.

## **Analysis**

Plaintiff's arguments in support of remand focused on the applicability of § 1442(a)(1) to the allegations that Northrop failed to warn of, and maintain a workplace that was safe from, the dangers of asbestos. Plaintiff contended that comparable failure to warn/unsafe workplace allegations have been found insufficient to support federal officer removal. Plaintiff relied on decisions from the Eastern District of Louisiana and other district courts, and the deposition testimony of Peter R. Territo.[4] Plaintiff also argued that if it is determined that removal is appropriate for some of the claims alleged against Northrop, the court should sever these claims and exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over the failure to warn claims and all claims against the remaining defendants.

---

[4] Record document number 8, supporting memorandum, exhibits A-E (cases). Territo's deposition was taken in *Gauthe v. Asbestos Corp. Ltd.*, 1997 Wl 3255 (E.D. La. Jan. 2, 1997). The excerpt relied on by the plaintiff related to Avondale's safety policy and procedures when asbestos was being used to build the ships under federal contracts. Record document number 8, exhibit F, Territo deposition.

Northrop maintained that removal under the federal officer statute was proper. Northrop argued that the plaintiff's entire argument in support of remand is based on the alleged failure to warn claims, without any analysis of the strict premises liability claims alleged in the Petition. Northrop asserted that under the applicable law and the relevant information it has supplied, the strict premises liability claims alleged by the plaintiff meet the requirements for federal officer removal. Therefore, the court has subject matter jurisdiction over this claim and can properly exercise supplemental jurisdiction over all the remaining claims in the case.

Careful consideration of the state court Petition and the applicable law supports Northrop's position. A review of the Petition shows that in addition to the negligence allegations related to warnings and safety, the plaintiff also alleged that Northrop was either the operator, and/or manager, and/or owner and occupier of the Avondale facilities and in custody of the facilities during the time period 1964 to 1966. Plaintiff alleged further that the facilities were defective because the asbesto-containing material in the facilities created an unreasonable risk of harm to the plaintiff and other person on the premises, and this defective condition of the facilities was a proximate cause of Davis's asbestos-related injuries, damages and death.[5]

---

[5] Petition, Count Six, Premises Liability, ¶¶ 34-37. These
(continued...)

6

The affidavits and contract information provided by Northrop essentially establish that Avondale's agreements to build the ships required that they be constructed under contracts containing provisions to protect the interests of the United States. Therefore, the ship plans and specifications were reviewed by the U.S. Navy and U.S. Maritime Administration. The plans required the ships to include specific national defense features, which were intended to ensure that the ships could be used in time of war. Federal law and regulations, which were incorporated by reference in the contracts, required the use of asbestos-containing materials in the construction of the vessels. Officials of the U.S. Navy, U.S. Maritime Commission and U.S. Coast Guard continuously reviewed the specifications and inspected construction of the ships to ensure compliance with federal law and regulations requiring these material. These federal agencies ultimately issued the Certificate of Inspection necessary for the ships to operate.[6]

This information demonstrates that during the relevant time period, federal officers had direct and specific control of the plans and construction of the vessels built at Avondale, and equally demonstrates the causal connection between the plaintiff's

---

[5](...continued)
allegations assert are claims based on a theory of strict liability. *See*, *Graves v. Riverwood Intern. Corp.*, 41,810(La.App. 2 Cir. 1/31/07), 949 So.2d 576, 584-85, *writ denied*, 2007-0630 (La. 5/4/07), 956 So.2d 2621.

[6] Record document number 11, opposition memorandum, exhibits C - G.

strict liability allegations and the federal authority.[7] The presence of the asbestos, which the plaintiff alleged created the defective condition of the facilities/premises in the control of Avondale, is directly connected to the federal law, regulations and inspections that required the asbestos to be on the site.

The record also establishes that Northrop has asserted a colorable federal defense under *Boyle*. With regard to the strict liability claims, Avondale's duty as custodian of the facilities to insure that they were free of defective conditions, i.e. asbestos-containing materials, would clearly conflict with Avondale's duties under the contract which required the use of asbestos in the construction of the vessels.[8]

Plaintiff did not refute or even address Northrop's contention that the allegations of strict premises liability support federal officer removal. Instead, the plaintiff expressed a willingness to stipulate that the claims against Northrop are limited to failure to warn. This offer to stipulate is insufficient to defeat removal. Plaintiff has not filed a stipulation. Nor did she move

---

[7] The federal direction and causal nexus elements of federal officer removal overlap and can be considered together. *Winters*, 149 F.3d at 398-400.

[8] Plaintiff did not contest or address this point, and applied the *Boyle* test only to the failure to warn allegations contained in the petition.
Since Northrop raised a colorable federal contractor immunity defense, there is no need to analyze Northrop's arguments related to a defense under the Longshore and Harbor Workers' Compensation Act.

to dismiss her strict premises liability claims before removal, and she has not done so since removal. Moreover, the propriety of the defendants' removal must be determined based on the allegations contained in the Petition at the time of removal.[9]

Based on the strict premises liability claims alleged by the plaintiff, Northrop has satisfied its burden of establishing that removal is proper under § 1442(a)(1).[10] The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all the remaining claims alleged by the plaintiff, including any claims that Northrop failed to warn of the dangers of asbestos and failed to maintain a safe workplace for employees.[11]

Plaintiff also urged the court to exercise its discretion and remand all of the claims over which it has supplemental jurisdiction. Plaintiff failed to address the complexity or consequences of litigating this case in both federal and state court. Even if state law issues predominate, the effects of conducting discovery, as well as the multiplication of effort and resources, on the removing defendants and the other parties must be

---

[9] *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

[10] Because jurisdiction exits based on the strict premises liability claims, it is unnecessary to analyze the plaintiff's cases and arguments that the failure to warn/safe workplace allegations do not satisfy the standards of *Mesa* and *Boyle*.

[11] Record document number 11, exhibit B, Ruling on Motion for Remand in *McFarlain v. Northrop Grumman Systems Corp.*, CV 05-1406-JJB-SCR, pp. 10-13.

9

considered.  In the circumstances of this case, severing the strict premises liability claims against Northrop and remanding the claims over which the court has supplemental jurisdiction is not warranted.

Plaintiff's statement that the court could condition remand on the dismissal of any non-failure to warn claims against the removing defendants is also premature.[12]  If the plaintiff dismisses the claims over which the court has removal jurisdiction, or for another these claims are eventually dismissed, the circumstances at that time must be considered to determine whether the court should then exercise its discretion under § 1376(c)(3) and decline supplemental jurisdiction over the remaining claims.

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Letha Kluka, individually and on behalf of the late Albert Leroy Davis, be denied.

Baton Rouge, Louisiana, April 28, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12] Moreover, the plaintiff has not cited any authority for the court to issue such a conditional remand order.